**Ronald W. GILBERT, Nick McNair and Larry Grieme, Plaintiffs and Appellees,**

v.

**Lawrence CAFFEE, Defendant and Appellant.**

**Ronald W. GILBERT, Nick McNair and Larry Grieme, Plaintiffs and Appellants,**

v.

**Lawrence CAFFEE, Defendant and Appellee.**

Nos. 12782, 12788.

Supreme Court of South Dakota.

Argued March 13, 1980.

Decided June 25, 1980.

John S. Theeler of Morgan, Fuller, Theeler & Cogley, Mitchell, for plaintiffs.

Steve Jorgensen, Sioux Falls, for defendant.

DOBBERPUHL, Circuit Judge.

Defendant appeals from the judgment entered on the jury verdict in favor of plaintiffs. We affirm.

Defendant is a farmer and cattle-order buyer from Wessington Springs, South Dakota. Plaintiffs Gilbert and Grieme are residents of Iowa; plaintiff McNair is a resident of Oklahoma.

On June 28, 1977, defendant purchased from plaintiffs a two-year-old quarter horse stallion named Rich Impression (who will hereafter be referred to by the initials R.I.). R.I. has a well-known bloodline and was purchased by defendant as a show horse and a potential breeder. The purchase contract fixed the sale price at $75,000.00, of which $21,750.00 was to be paid on the date of the contract, with the balance to be paid in two equal installments on January 15, 1978, and January 15, 1979. Prior to sale R.I. was sperm-tested by an experienced veterinarian. The results were satisfactory and were communicated to defendant at the time of the sale.

In December of 1977, defendant called plaintiffs and indicated a dissatisfaction with the horse and informed them that he would not be tendering the second payment due on the contract. Defendant admitted at the trial, however, that his main complaint at this time did not concern breeding but the fact that the horse was not showing well. After plaintiffs commenced a lawsuit in Iowa to collect on the contract, the parties entered into further negotiations to rewrite the payment terms of the contract. As a result of these negotiations, plaintiffs dismissed the Iowa lawsuit and the parties entered into a second contract. Sometime in April of 1978, one of the plaintiffs came to defendant's farm to visit with defendant about his problems with R.I. Defendant indicated at this time that he would like plaintiffs to take R.I. back. However, one month after this, by a check dated May 12, 1978, defendant tendered a payment of $5,000.00 plus interest at eight percent that was due under the terms of the second contract.

When defendant defaulted on a payment that was due in July under the second contract, plaintiffs commenced this action to recover the balance due on the contract. The summons and complaint were served on defendant on August 2, 1978. On August 9, 1978, defendant sent plaintiffs a written notice of revocation of acceptance. Defendant subsequently filed a counterclaim against plaintiffs pleading revocation of acceptance and breach of express and implied warranties.

Plaintiffs' motion for a directed verdict on that portion of defendant's counterclaim alleging revocation of acceptance was granted. The trial court also granted that portion of plaintiffs' motion for a directed verdict that pertained to the balance due under the contract. The jury found in favor of plaintiffs on defendant's claims of breach of express and implied warranties.

The first issue before us is whether the trial court committed reversible error by failing to timely notify counsel of the jury's request for clarification of an instruction. During the course of deliberation the jury sent a note to the trial judge reading, "Honorable Judge, would you please have

Instruction No. 21 clarified further for us." Without notifying counsel of this request or of his proposed response, the trial judge sent the jury a note saying, "cannot do so, 7:40 p. m."

■ The trial court clearly had an obligation to notify counsel of the jury's request so that counsel could be present at the time the trial court acted upon the request. SDCL 15–6–51(a). Failure to so notify counsel is error. Such error, however, does not automatically mandate a reversal.

The failure to comply with mandatory provisions of our law in matters of such importance as instructions to the jury and communications between the court and the jury constitutes error per se and is prejudicial as a matter of law *unless* it is shown that no prejudice resulted or could have resulted from such noncompliance. *Wittmeier v. Post,* 78 S.D. 520, 530, 105 N.W.2d 65, 70 (1960) (emphasis added).

The rule that such error is not reversible error per se was reiterated in *Beck v. Wessel,* 90 S.D. 107, 237 N.W.2d 905 (1976). That case involved a wrongful death action resulting from an automobile accident. The jury sent a note to the judge asking if he could tell them the amount of insurance that each party had. The judge simply wrote "no" on a piece of paper and sent it back to the jury without notifying counsel. This court held that although the trial judge had erred in failing to notify counsel, the error was not prejudicial to the defendant under the facts of the case and therefore did not merit a reversal of the judgment.

■ We conclude that as in *Beck v. Wessel,* supra, the failure of the trial court to notify counsel of the jury's request does not merit reversal in this case. Instruction No. 21 reads as follows:

If you decide for the Defendant on the theory of breach of warranty, you must then fix the amount of money which will reasonably and fairly compensate him for the damages which he sustains. The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. The Defendant may recover any incidental and consequential damages which were a proximate result of any breach of warranty causing injury to the Defendant. Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, insurance, and commercially reasonable charges, expenses or commissions in connection with affecting cover and any other reasonable expense incident to the delay or other breach.

This instruction appears to be a modification of South Dakota Pattern Jury Instruction number 30.01. The instruction was a proper statement of the law, and neither plaintiffs nor defendant can claim otherwise on this appeal because neither side objected nor excepted to it at trial. Under these facts, we cannot comprehend how defendant could possibly have been prejudiced by the conduct of the trial court. Had the trial court given further clarification or instruction on this matter without the presence of counsel, prejudice could have resulted. Under SDCL 15–6–51(a) it is within the discretion of the trial court whether to give further instruction in response to a request by the jury. Under the circumstances of this case, the conduct of the trial court could not have resulted in prejudice to defendant any more than it could have resulted in prejudice to plaintiffs. Therefore, although the trial court's failure to notify counsel of the request is inexplicable in view of our holdings in *Wittmeier v. Post* and *Beck v. Wessel,* supra, the error does not warrant reversal.

■ With respect to defendant's contention that the trial court erred in directing a verdict against him on the question of revocation of acceptance, we agree with the trial court that defendant's revocation of acceptance was not timely. Defendant simply had possession and use of R.I. too long before revoking acceptance. Defendant's written revocation came approximately

fourteen months after the purchase of R.I. and only after defendant learned that he was being sued for his default under the terms of the second contract. When defendant purchased R.I. there were approximately six to eight weeks left in the 1977 breeding season. R.I. was in fact bred at least twice during that season. The following year R.I. was bred quite often throughout the breeding season. Yet it was not until very near the end of the 1978 breeding season that defendant sent his written revocation of acceptance to plaintiffs. Defendant had ample time in 1977 to check out R.I.'s breeding capabilities. The longer a buyer keeps and uses the object of a sale before revoking his acceptance, the greater becomes the likelihood that some conduct on his part caused or contributed to the defect.

■ Defendant contends that he gave oral notice of his dissatisfaction with R.I. in December of 1977 and again in April of 1978. Yet defendant negotiated a second contract with plaintiffs in April of 1978 and the following month tendered a payment of $8,550.00 that was due under the second contract. These acts negate the alleged prior notices of revocation of acceptance. It is totally inconsistent for defendant to now claim that his prior alleged notices are still effective when subsequent to those notices he renegotiated the contract and tendered a large payment thereunder.

■ The third issue presented by this appeal is whether the trial court properly instructed the jury on the law of warranty applicable to the facts of this case. Defendant's objection to one instruction given was overruled and two instructions proposed by him were refused. We have examined these instructions, and we find no error in those rulings.

Because our affirmance of the judgment renders moot the issue raised in plaintiffs' appeal, that appeal is dismissed.

In appeal # 12782, the judgment of the trial court is affirmed. Appeal # 12788 is dismissed.

All the Justices concur.

DOBBERPUHL, Circuit Judge, sitting for MORGAN, J., disqualified.